LOCAL 1325, RETAIL CLERKS INTERNATIONAL ASSOCIATION, AFL-CIO, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

TOPPS KERRMILL, INC., Respondent.

Nos. 6172, 6205.

United States Court of Appeals
First Circuit.

Dec. 13, 1963.

294

Warren H. Pyle, Boston, Mass., with whom Grant, Angoff, Goldman & Manning, Boston, Mass., was on brief, for Local 1325, Retail Clerks International Association, AFL-CIO.

A. Brummel, Washington, D. C., Atty., with whom Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Warren M. Davison, Washington, D. C., Atty., were on brief, for National Labor Relations Board.

John E. Jay, New York City, with whom Robert H. Pick and Parker, Chapin & Flattau, New York City, were on brief, for Topps Kerrmill, Inc.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

## PER CURIAM.

On these petitions for review and enforcement of a Labor Board order the only question we find worth discussing is whether an employer, who has afforded a union access to the plant and reasonable but not excessive assistance in its organizational campaign in admitted ignorance that another union was also attempting organization, has unfairly discriminated against the rival union by failing to grant that union's request for equal access made only after the first union had signed up a substantial majority of the employees.[1] The Board, apparently because the rival union had been in the course of attempting to organize the employees, held that there was discrimination when the company did not allow the second union an equal opportunity to "undo" the employees' selection.

At least in the absence of excessive assistance to a known party one cannot "discriminate" against someone not known to exist. What the Board is holding is that subsequent occurrences after an accomplished event may cause one to become a discriminator *ab initio*. The unsettling effect of such a rule is apparent on the facts of this case. Here we have a union, so far as the evidence shows, acting at all times without knowledge of the existence of a rival, obtaining recognition through a card check and negotiating an agreement, and then, on a charge filed eight weeks later, being ousted because after it had obtained its majority membership the employer did not allow another union that had been competing secretly to come in and compete openly. We see no great hardship on this particular union in view of its complete lack of diligence.[2] But even if there were hardship, the present rule

1. To the extent that the examiner's report, adopted by the Board, mentions other matters it is in some instances incompatible with the record, and in others inconsistent within itself. The argument made before us by counsel for the Board that the employer acted precipitately in order to head off some other union is not supported by either the Board's findings or the testimony.

2. The rival union in this case neither kept an eye on what the successful union was doing openly, nor, after the employer ignored its request did it pursue the matter. There was a considerable interval between the making of the request, the card check and actual recognition of the successful union, and the negotiating of the collective bargaining agreement.

would suspend a Damoclesian sword over every instance where an employer innocently extended, and a union innocently accepted, legitimate accommodation to an organizational campaign. We do not think this admittedly highly unusual case should be permitted to make bad general law.

A decree will be entered setting aside the order of the Board.